UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Civ. No. 04-4358(DRD) |
| Respondent | : | Crim. No. 02-494(DRD) |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| BARBARA GRAMS, | : | |
| | : | |
| Petitioner. | : | |
| _____ | : | |

Barbara Grams
No. 47955-008
Federal Prison Comp.
37930 N. 45th Ave.
Phoenix, AZ 85086
    Petitioner, Pro Se

Christopher J. Christie, Esq.
United States Attorney
BY:   Michael A. Hammer, Esq.
        Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
    Attorney for Respondent.

**Debevoise, Senior United States District Judge**

      Petitioner, Barbara Grams, moves pursuant to 28 U.S.C. §2255 to vacate, set aside or correct a sentence imposed on September 8, 2003 on the grounds that i) her sentence violated her sixth amendment right to a trial by jury as defined in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) as clarified in <u>United States v. Booker</u>, 125 S. Ct. 738(2005); ii) her attorney failed to provide effective assistance in that he did not make a <u>Blakely</u> - <u>Booker</u> argument on her behalf at the time of sentencing; and iii) the results of three civil proceedings in which the victims of the crime recovered at least $530,000 were not disclosed in the criminal trial.

## I. **Background**

On June 13, 2002 a federal grand jury issued a one-count indictment charging Chris Rutland and petitioner with conspiracy to commit mail fraud and wire fraud, contrary to 18 U.S.C. §§1341 and 1343, in violation of 18 U.S.C. §371. Rutland had served as the investment adviser of Helen Constans from 1989 until approximately 2001. Constans, a widow born in 1912, lived alone in Jackson Heights, New York from the early 1970s, when her husband died, until September 1996 when she was hospitalized and diagnosed with senile dementia. A niece secured a residence for her at a nursing home in Chatham, New Jersey. Throughout this period Rutland, with whom petitioner had a romantic relationship, continued to take charge of Constans's assets.

Rutland and petitioner transferred ownership of Constans's investment accounts to petitioner and by means of forged documents transferred a life insurance annuity from Constans to petitioner. They used these assets to build a house for themselves in Arizona, to open a retail home furnishing store, and to purchase automobiles.

On the basis of evidence of these thefts on March 21, 2003 a jury returned guilty verdicts against both Rutland and petitioner. The court sentenced petitioner on September 8, 2003. The order of conviction was filed on September 9.

The court applied the 1998 edition of the Guidelines Manual by reason of ex post facto concerns. The Base Offense Level was 6. To this were added 10 levels by reason of the fact that the losses petitioner attempted to inflict were greater than the actual losses, specifically intended losses of $637,946. This exceeded $500,000 but was less than $800,000 resulting in the 10 level increase. Two levels were added because the offense involved more than minimal planning and

another two levels were added because the victim was a vulnerable victim.  The resulting Total Offense Level of 20 called for a Guideline sentencing range of 33 to 41 months.

The court sentenced petitioner to a term of thirty-three months and supervised release for a period of three years.  The court also ordered petitioner to pay restitution of $553,867.72.  Petitioner did not appeal either her conviction or sentence.

## II. Discussion

A.  Blakely-Booker Issues: Petitioner contends that because the findings that were the basis for the 10 levels and the two two level enhancements were found by a judge on a preponderance of the evidence standard and not by a jury beyond a reasonable doubt, she was deprived of her Sixth Amendment right to a trial by jury.  She relied in her petition on Blakely (decided on August 23, 2004), but after her petition was originally filed on September 7, 2004, the Supreme Court decided Booker on January 12, 2005.  Addressing a Washington State sentencing plan, the Supreme Court in Blakely held that a sentencing judge could enhance a sentence only based on facts reflected in the jury verdict or admitted by the defendant.  124 S. Ct. at 2537.  Booker applied Blakely's holding to the Federal Sentencing Guidelines, 125 S. Ct. 738, 749.

In Booker the Court held that the provision of the federal sentencing statute that makes the Guidelines mandatory is unconstitutional.  The Court severed that provision from the statute, making the balance of the Guidelines system advisory.  As a result of this decision a sentencing court is required to consider the Guidelines ranges but may tailor the sentence in light of other statutory concerns as well.  The procedure that the court followed when sentencing petitioner would not pass constitutional muster today.

The question becomes whether Booker (which replaces any effect Blakey might have had on petitioner's sentencing) should apply retroactively to her §2255 claim.  In general to benefit from retroactive effect petitioner would have to show: (i) that Booker announced a new rule of criminal procedure and that the new rule constituted a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."  Beard v. Banks, 124 S. Ct. 2504, 2513 (2004).

There is no doubt that Booker announced a new rule of criminal procedure.  The Court of Appeals for the Third Circuit has recently held, in accordance with the other courts of appeals that have ruled on the question, that Booker does not announce a watershed new rule of criminal procedure, and therefore does not apply retroactively.  Lloyd v. United States, 2005 WL 1155220, at 1, 4 (3d Cir. May 17, 2005).  In the words of the Court of Appeals, "Booker does not apply retroactively to initial motions under §2255 where the judgment was final as of January 12, 2005, the date Booker issued."  In light of this ruling petitioner's Blakely-Booker contention lacks merit.

      B.  Ineffective Assistance of Counsel: Petitioner next advances the argument that her trial counsel was ineffective for failing to raise a Booker - type contention at the time of sentencing.

Prior to petitioner's sentencing in 2003, the Supreme Court had decided Apprendi v. New Jersey, 530 U.S. 490 (2000) which established that, at a sentencing, a judge could enhance a sentence based on facts not admitted by the defendant or found by a jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum.  The sentence imposed upon petitioner was within the parameters established by Apprendi because it was within the statutory maximum.  Petitioner's counsel was hardly

4

deficient for failing to urge a position that had been rejected by the Supreme Court and the Court of Appeals. He could hardly have been expected to anticipate the redefinition of "statutory maximum" that occurred in <u>Blakely</u> and <u>Booker</u>. Despite the apparent lack of merit to such a contention petitioner's attorney might have raised it, as some other attorneys did, in the hope that the reasoning of <u>Appendi</u> might be extended to sentencing protocols or Guidelines, but in light of the persuasive authority rejecting such an extension, it was not unreasonable to fail to advance what seemed at the time to be an untenable position.

   Further, petitioner has not established prejudice by the failure to apply <u>Booker</u>. The Court in that case emphasized that a sentencing court is required to consider the Guidelines ranges. It emphasized Congress's concern that sentencing be uniform throughout the United States, which suggests that a district judge, in the exercise of his discretion, impose a sentence within the Guidelines range or within a range permitted by a Guidelines departure, unless there is a compelling reason to do otherwise. Each of the factors which contributed to petitioner's Guideline score were serious ones and well established. There is little doubt that in the exercise of its discretion the court would have found no reason to impose a lighter sentence than the one imposed. The offense was particularly egregious, and the sentence was relatively light considering the petitioner's conduct that led to the conviction. Ineffective assistance of counsel is not a ground for the relief she seeks.

   C. <u>Restitution</u>: Petitioner was ordered to pay restitution in the amount of $553,687.22. She contends that the recoveries totaling $530,000 which plaintiffs obtained in three related law suits should have been disclosed at trial. This would have had no relevance at the guilt stage of the proceedings before the jury. This information might have had relevance when the amount of

reparations was computed. However, it was not raised at trial or on an appeal. She has not shown cause or prejudice for this failure. If it develops during petitioner's period of supervised release that she has in fact repaid all that she and Rutland stole from Constans, appropriate negotiations for an appropriate credit can be conducted through the government, the Probation Department and the victims. It is not, however, a matter to be resolved on a §2255 petition.

### III. Conclusion

For the reasons set forth above petitioner's §2255 petition lacks merit and will be dismissed. The court will file an appropriate order.


Dated: June 14th, 2005

        /s / Dickinson R. Debevoise
DICKINSON R. DEBEVOISE
U.S.S.D.J.